**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4642-17T4

IN THE MATTER OF
SHA-KEANA DAVIS,
MERCER COUNTY
CORRECTION CENTER.

Argued October 16, 2019 - Decided November 7, 2019

Before Judges Hoffman and Currier.

On appeal from the New Jersey Civil Service Commission, Docket No. 2017-3577.

David B. Beckett argued the cause for appellant Sha-Keana Davis (Beckett & Paris, LLC, attorneys; David B. Beckett, of counsel and on the briefs).

Stephanie Ruggieri D'Amico, Assistant County Counsel, argued the cause for respondent Mercer County Correction Center (Paul R. Adezio, Mercer County Counsel, attorney; Stephanie Ruggieri D'Amico, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Debra Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Sha-Keana Davis, a Mercer County Corrections Officer (CO), appeals from the May 4, 2018 final administrative action of the Civil Service Commission (CSC). The CSC found appellant committed conduct unbecoming a public employee and violated Mercer County Correction Center (MCCC) administrative procedures and regulations involving safety and security. A ten-day suspension was the assessed penalty. After a review of the contentions, in light of the record and applicable principles of law, we affirm.

On November 5, 2016, MCCC informed all COs that they were required to attend one session of sexual harassment training between November 28, 2016 and January 19, 2017. The memorandum was posted in the lobby entrance and the officer's dining room, and was read aloud at the beginning of each shift for seven days. There were eight dates for the training for non-supervisory COs, with two sessions on each day. All officers had to attend the training on their own time. Appellant did not attend any of the training sessions.

In her testimony before the Office of Administrative Law (OAL), appellant stated she could not attend several of the training dates because she was working mandatory overtime shifts, and she was absent from work on Family Medical Leave Act (FMLA) leave, under 29 U.S.C. §§ 2601 to 2654. However, appellant also testified she took several voluntary overtime shifts that

2

prevented her from attending the training sessions. Although appellant intended to attend the January 18 training, she sustained a work-related injury on January 17 and was placed on medical leave for the last two days training was offered.

Because appellant failed to comply with the mandatory training, she was served with a preliminary notice of disciplinary action, charging her with violating: (1) N.J.A.C. 4A:2-2.3(a)(6) (conduct unbecoming a public employee), and (12) (other sufficient cause); and (2) D-6 Step 2 under the Mercer County Public Safety Table of Offenses and Penalties (second infraction of MCCC's administrative procedures and regulations involving safety and security). MCCC recommended a fifteen-day suspension. On May 2, 2017, the CSC issued a Final Disciplinary Action, affirming the charges but reducing the penalty to a ten-day suspension.

Following appellant's administrative appeal, the CSC referred the matter to the OAL. The Administrative Law Judge (ALJ) issued a thorough written decision after a plenary hearing, concluding the charges were supported and a ten-day suspension was warranted. The CSC affirmed the decision in its Final Administrative Action.

On appeal, appellant contends the record does not support the CSC's determination because she did not intentionally fail to comply with the training

requirement. She also alleges there was not a fair and equitable application of the disciplinary rules because two of her superiors, the Warden and Deputy Warden, also failed to attend training but were not disciplined.

We have "a limited role in reviewing a decision of a[] [state] administrative agency." Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). We will sustain the decision of an administrative agency "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)). We are mindful we "'must defer to an agency's expertise and superior knowledge of a particular field.'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). Although we are not required to follow an "'agency's interpretation of a statute or its determination of a strictly legal issue,' if substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result. . . .'" Ibid. (internal citations omitted).

We are satisfied the record contains ample evidence to support the CSC's decision. Appellant conceded she knew training was mandatory, there were a limited number of dates and times available for her to attend, and she could be

4

required to work mandatory overtime shifts that conflicted with training sessions. Appellant's contention that she could not attend several of the training dates due to FMLA leave or mandatory overtime does not excuse her non-attendance. There were many opportunities for appellant to attend the training. However, instead of ensuring compliance with the training requirement, appellant volunteered for overtime shifts and then ran out of time to complete the training when she was injured before the final two days of sessions.

We are also unpersuaded by appellant's argument that she should not have been charged because the Warden and Deputy Warden did not attend training but were not disciplined. Upon raising this argument before the OAL, appellant was provided an opportunity to present evidence regarding similarly situated non-supervisory COs who failed to attend the training but were not disciplined. She did not offer any such evidence.

Whether others superior to appellant did not attend training is not relevant to her own non-compliance with the mandatory training. The memorandum required all COs to attend training. Appellant had attended such programs before and was aware that officers who failed to do so had been subjected to discipline.

A-4642-17T4

We are satisfied appellant has not demonstrated the CSC's decision is "arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Herrmann, 192 N.J. at 27-28 (citing Campbell, 39 N.J. at 562).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4642-17T4